THE BOARD OF EDUCATION OF THE PINE PLAINS CENTRAL SCHOOL DISTRICT, Plaintiff,

v.

Jacqueline (Jaye) ENGWILLER, Robert and Barbara Engwiller, the States Education Department of the State of New York, and Frank Munoz, as the State Review Officer of the State Educational Department of the State of New York, Defendant.

No. 01 CIV 5654(CM).

United States District Court, S.D. New York.

Oct. 19, 2001.

Mark C. Rushfield, Shaw & Perelson, LLP, Highland, NY, for Plaintiff.

Rosalee Charpentier, Family Advocates, Inc., Kingston, NY, for Defendants.

## MEMORANDUM DECISION AND ORDER GRANTING STATE DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

McMAHON, District Judge.

This is the latest chapter in the saga of The Education of Jaye Engwiller.

In our last episode, Jaye's parents had been vindicated in their desire to enroll their learning-disabled daughter at the private Kildonan School at the expense of the Pine Plains School District. This Court advised the State Education Department that its Impartial Hearing Officer (IHO) had ten days to make the long-delayed determination about the propriety of the parents' unilateral placement of Jaye at Kildonan or I would make the decision myself, Engwiller v. Pine Plains Central School District, 110 F.Supp.2d 236, 245–46 (S.D.N.Y.2000). This galvanized the State into action, and on August 28, 2000, the Hearing Officer concluded that the District's plan to educate Jaye in the Pine Plains public schools during the 1998–99 school year was inappropriate and that the Kildonan placement was correct for this child. This determination was affirmed on appeal by a State Review Officer in a decision dated November 6, 2000. The IHO and the SRO ordered the District to reimburse the parents for Jaye's Kildonan tuition for the period January—June 1999. The District represents that it has made those payments.

With administrative proceedings for the 1998–99 school year concluded, the pendent placement for Jaye under IDEA—that is, the "then current educational placement of the child"—became Kildonan.

For the 1999–2000 school year, the District also developed an IEP for Jaye that placed her in the public school, not Kildonan. Jaye's parents objected to the appropriateness of the new IEP but did not initiate administrative proceedings to review it—not that it would have availed them anything, since they did not have a decision from the IHO concerning the preceding year's placement.

The District than developed Jaye's IEP for the 2000–2001 school year. Again, the District concluded that Jaye could receive a Fair and Appropriate Public Education (FAPE) in the Pine Plains public schools. Again, Jaye's parents objected and took an administrative appeal. Pending resolution of that appeal, they retained Jaye at Kildonan, on the theory that it was her pendent placement. They sought an order from the IHO obligating the District to pay Jaye's tuition.

After a hearing held on November 2, 2000, the IHO issued an interlocutory decision, in which he concluded that Kildonan was not Jaye's pendent placement, and that the SRO's decision approving Kildonan as her 1998–99 placement—the last placement that was either agreed upon by the parents and district or approved at the highest administrative levels after hearing—did not create a pendency placement for future school years. On that basis, the District refused to pay Jaye's tuition at Kildonan, and as her parents were unable to do so, Jaye dropped out of school in the winter of the 2000–2001 school year.

The Engwillers appealed the IHO's interlocutory decision to an SRO. On March 9, 2001, the SRO reversed the interlocutory decision and found that Kildonan was indeed Jaye's pendent placement "for the duration of this due process proceeding, unless the parties agree to a different placement."

Impartial hearings took place over the summer of 2001 with respect to the Eng-

willers' appeal from the District's determination to educate Jaye at the public schools in the District. On September 26, 2001, the IHO issued a decision disposing of all outstanding issues between the parties as follows:

Kildonan was determined to be Jaye's proper placement for the 1999–2000 school year, and the District was ordered to reimburse the Engwillers for Jaye's full tuition at Kildonan during the 1999–2000 school year.

The IEP prepared by the District for Jaye for the 2000–2001 school year was deemed inappropriate. However, Kildonan was not deemed by the IHO to be a proper alternative placement, because Jaye had not progressed (and had actually regressed) in some subjects (though her reading had improved dramatically). Accordingly, the parents' request for reimbursement of their Kildonan tuition for that year (or the portion thereof when Jaye was actually in school) was denied.

This decision has just been forwarded to the Court. I assume, based on the parties' extensive and litigious history, that the Engwillers will appeal to an SRO. And I imagine that someday I will have to determine whether the SRO's decision was arbitrary and capricious. Those matters lie in the future, however. The task at hand is to decide whether plaintiff has stated a claim against the State Education Department and its review officer.

Plaintiff alleges that the SRO's decision on the issue of pendency was arbitrary and capricious, and should be reversed, because there was no basis upon which the SRO could grant Jaye tuition reimbursement for her pendent placement at Kildonan. The District seeks relief under both IDEA and 42 U.S.C. § 1983. Its claims have no merit.

■ First, as against the State Education Department itself, the Section 1983 claim does not lie on Eleventh Amendment grounds. It has long been settled that the SED is immune from suit brought under Section 1983. *Grimes By and Through Grimes v. Sobol,* 832 F.Supp. 704, 707 (S.D.N.Y.1993).

■ Second, as against defendant Munoz on both claims, and as against the SED under IDEA, plaintiff fails to state a claim on which relief can be granted. The SRO's determination about the pendent placement was not only not arbitrary and capricious, it was manifestly correct.

■ Section 1415(j) of IDEA contains the statute's "pendent placement" provision. It represents "Congress' policy choice that all handicapped children, regardless of whether their case is meritorious or not, are to remain in their current educational placement until the dispute with regard to their placement is ultimately resolved." *Susquenita School Dist. v. Raelee* S. 96 F.3d 78, 83 (3d Cir.1996). The Second Circuit has described Section 1415(j) as an "automatic preliminary injunction" that "substitutes *an absolute rule in favor of the status quo* for the court's discretionary consideration of the factors of irreparable harm and either likelihood of success on the merits or a fair ground for litigation and a balance of hardships." *Zvi D. v. Ambach,* 694 F.2d 904, 906 (2d Cir.1982) (Emphasis added).

That Jaye's pendent placement is Kildonan can hardly be questioned. While the Engwillers originally placed their daughter in Kildonan over the District's objection—and thereby assumed the risk that the result of their appeals would be unfavorable to their position—they ultimately won their appeal. A State Review Officer concluded that Jaye should have been placed in Kildonan for the 1998–99 school year, and that Jaye's parents were entitled to

tuition reimbursement for the second half of the school year. That decision—a final administrative determination that was not appealed—changed Jaye's pendent placement (i.e., the place where she was properly being educated) from the public school to Kildonan. See 34 C.F.R. Pt. 300.514(c) ("If the decision of a hearing officer in a due process hearing conducted by the SEA or a State review official in an administrative appeal agrees with the child's parents that a change of placement is appropriate, that placement must be treated as an agreement between the State or local agency and the parents.")

Pursuant to Section 1415(j), there were only two ways that Jaye's pendent placement could thereafter have been changed: by further agreement of the District and her parents, or by a hearing officer's decision following an administrative hearing. Until such time as one of those two things occurred, Kildonan remained Jaye's pendent placement. *School Committee of Town of Burlington, Mass., v. Dept. of Education of Mass.*, 471 U.S. 359, 372, 105 S.Ct. 1996, 85 L.Ed.2d 385 (when state issues decision in favor of parents, it "would seem to constitute agreement by the State to the change of placement;" see also, *Murphy v. Arlington Cent. School Dist.*, 86 F.Supp.2d 354, 358 (S.D.N.Y. 2000) ("... once the parents receive an administrative decision in their favor, the current educational placement changes in accordance with that decision, and the parents are no longer in violation of the stay-put provision.") The District's suggestion that a hearing officer's or SRO's final determination of the appropriate placement for year one does not become the pendent placement for year two stands the concept of pendency on its head and finds no support whatever in the law, the regulations or the cases interpreting them. It is, frankly, a frivolous argument.

Thus, plaintiff fails to state any claims against Munoz or the SED based on his allegedly erroneous conclusion that Jaye's pendent placement was Kildonan.

The motion to dismiss the complaint as against the State defendants is granted.

The Engwiller defendants have moved for summary judgment on the grounds that the SRO's determination about the pendent placement was correct and proper under IDEA, and because Jaye was suffering irreparable harm as a direct result of plaintiff's refusal to comply with the SRO determination. The Court previously advised the parties that this motion would be treated as one for a preliminary injunction mandating payment of Jaye's Kildonan tuition pending final adjudication of the propriety of Jaye's placement for the 2000–2001 school year. *See* Judge McMahon's Endorsement on Engwiller Defendants' Motion, October 2, 2001.

■■ Because the law treats an administrative decision favorable to the parents and against the District as creating a *de jure* agreement between the parents and the State, the Engwillers were entitled to tuition reimbursement until such time as Jaye's placement was changed, either by agreement (not likely) or by administrative determination. *Bd. Of Educ. Of Pawling Central School District v. Schutz*, 137 F.Supp.2d 83, 88 (N.D.N.Y.2001) ("... a favorable administrative decision as to placement implies an agreement to pay for such placement."). The fact that an IHO has now concluded that the Engwillers are entitled to tuition reimbursement for the 1999–2000 school year only reinforces their already clear right to payment from the District while further appeals (if any) are exhausted.

The fact that the same IHO has concluded that Jaye ought not be at Kildonan any longer, and that tuition reimbursement for

the 2000–2001 school year would not be appropriate, complicates matters for that year. However, until the administrative process has run its course, Jaye's pendent placement remains Kildonan, and the "agreement" between the State and the Engwillers that was created by the decision of the first SRO back in November 2000 obligates the District to pay Jaye's tuition until the end of the appeals process. *See Murphy,* 86 F.Supp.2d at 366 (ordering the School District financially responsible for child's tuition at Kildonan "until a new placement is established by either an actual agreement between the parents and the District, or by an administrative decision upholding the District's proposed placement which Plaintiffs choose not to appeal, or by a court"); *see also Susquenita School District,* 96 F.3d at 84 (finding that a school district can be required to pay for tuition and expenses associated with a pendent placement prior to the conclusion of all litigation); *Clovis Unified School Dist. v. California Office of Admin. Hearings,* 903 F.3d 635, 641 (9th Cir.1990) (holding that the school was responsible for maintaining the child's private school placement from the date of the administrative decision deeming that placement appropriate "and until a court direct[s] otherwise," regardless of which party ultimately prevails in the appeal). The fact that the District fears that the Engwillers will be unable to repay the sums so expended does not change this result. *See Town of Burlington v. Department of Educ. for the Commonwealth of Mass.,* 736 F.2d 773, 800–01 (1st Cir.1984), *aff'd,* 471 U.S. 359, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985) (finding that the factors to be considered in determining whether a party is to be reimbursed are "the parties' compliance or noncompliance with state and federal regulations pending review, the reasonableness of the parties' positions, and like matters"). *Cf. Murphy,* 86 F.Supp.2d at 367 & n.9

(finding that IDEA provides the court with the power to grant appropriate relief, and noting that even if the District ultimately prevailed on the merits, its claim for recoupment may be "problematical"); *Henry v. School Admin. Unit 29,* 70 F.Supp.2d 52, 59 (holding that "if a local educational agency refuses to pay for the proposed interim placement but the parents obtain an order from the state educational agency approving the placement, the school district must pay for the placement from the date of the agency decision, without a right to reimbursement, even if a federal court reviewing the decision later rules in the School District's favor").

The day will almost surely come when an SRO will make a final determination about the propriety of Jaye's attendance at Kildonan at public expense for the 200–2001 school year. Perhaps he will uphold the IHO's findings; perhaps he will reverse them. Whatever the final administrative result, this Court is under no illusion: I will be called on to decide whether the SRO's decision was arbitrary or capricious. Sufficient unto the day. This action, which relates strictly to the SRO's interim decision on pendent placement and its legal consequences, is dismissed, with prejudice and with costs to defendants.

This constitutes the decision and order of the Court.